Law Offices of
**MICHAEL W. CARMEL, LTD.**
80 East Columbus Avenue
Phoenix, Arizona 85012-2334
Telephone: (602) 264-4965
Arizona State Bar No. 007356
Facsimile: (602) 277-0144
E-mail: Michael@mcarmellaw.com

Attorney for The Biltmore Bank of Arizona

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>STANLEY THOMAS LUND and JUNE MARIE LUND, aka LUND MORTGAGE,<br><br>Debtors. | Chapter 7 Proceedings<br><br>Case No. 2:09-bk-18416-CGC |
| THE BILTMORE BANK OF ARIZONA,<br><br>Plaintiff,<br><br>vs.<br><br>STANLEY THOMAS LUND and JUNE MARIE LUND,<br><br>Defendants/Debtors. | **Adv. No. 2:09-ap-01577-CGC**<br><br>**RESPONSE TO RULE 59 MOTION TO RECONSIDER**<br><br>**Date of Hearing: Not Scheduled**<br><br>**Time of Hearing: Not Scheduled** |

Plaintiff, The Biltmore Bank of Arizona ("Biltmore Bank"), by and through counsel undersigned, hereby responds to the "Rule 59 Motion to Reconsider" ("Motion") filed by the Defendants. The Motion is both procedurally and substantively improper, and should be denied. To the extent, however, the Court is going to reconsider its decision, it appears based on the

information provided in the Motion, Biltmore Bank's non-dischargeable Judgment should be increased from the Court's August 10, 2010 ruling.

In support hereof, Plaintiff submits the accompanying Memorandum of Points and Authorities.

DATED this 19th day of August 2010.

MICHAEL W. CARMEL, LTD.

/s/ Carmel, M.W. (007356)
Michael W. Carmel
80 East Columbus Avenue
Phoenix, Arizona 85012-2334
Attorney for Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Motion references Rule 59 as the basis for the Court to reconsider its August 10, 2010 Order. Of course, Rule 59 is only made applicable through Rule 9023, Fed.R.Bankr.P. There is no basis to seek reconsideration of an Order in Rule 9023. Instead, it appears Defendants' Motion would be more appropriately premised on a request for reconsideration based on alleged newly discovered evidence. To that extent, the Motion should have been filed pursuant to Rule 9024, which makes portions of Rule 60, Federal Rules of Civil Procedure, applicable. In this case, the appropriate citation would be Rule 60(b)(2).

Rule 60(b)(2) permits a Court to alter or amend a judgment based upon newly discovered evidence or previously unavailable evidence. It appears Defendants are seeking reconsideration based on alleged newly discovered evidence, which is the Affidavit of Tillman Noles. This evidence, as well as the referenced Schedule K-1's, are not new and were not previously unavailable.

Defendants made a voluntary conscious decision in not submitting the Noles' Affidavit. The Motion does not explain why Mr. Noles was not previously unavailable to provide such an Affidavit. This is clearly not new evidence.

The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late-filed documents into "newly discovered evidence." See, e.g., *Waltman v. International Paper Co.*, 875 F.2d 468, 473-74 (9th Cir. 1989) (materials available at time of filing opposition to summary judgment would not be considered with motion for reconsideration); *Trentacosta v. Frontier Pac Aircraft Industries Inc.*, 813 F.2d 1553, 1557 and n.4 (9th Cir. 1987) (court did not abuse its discretion in refusing to consider affidavits opposing summary judgment filed late); *Frederick Wyle Professional Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (evidence available to party before it filed its opposition was not "newly discovered evidence" warranting reconsideration of summary judgment).

In the instant case, the tax returns and K-1's were all available to the Defendants. The fact they chose to not attach these documents to any opposition is a waiver of their right to seek reconsideration.

Substantively, Biltmore Bank notes the following: Lund Mortgage, Inc. is a subchapter S corporation. The corporation files a Form 1120 with the Internal Revenue Service. Line 21 of the 2008 tax return reflects corporate ordinary income in the amount of $129,905.00. That figure is the precise dollar amount reflected on Mr. Lund's K-1. This is because corporate subchapter S income flows through direct to the corporation's individual shareholders. If anything, this "newly discovered evidence" demonstrates Mr. Lund received far more in shareholder distributions than was previously identified. If this is in fact the case, the amount of Biltmore Bank's nondischargeable Judgment should be *increased*, since the prior Order was premised on distributions totaling approximately $97,000.00. In fact, it appears there were distributions

between 2008 and 2009 exceeding $185,000.00. All of those distributions would have been in violation of the Arizona Trust Fund Doctrine.

For all of the foregoing reasons, Biltmore Bank requests the Motion be denied. To the extent, however, the Court wishes to reconsider any issue(s) raised in the Motion, Biltmore Bank urges the Court to increase the nondischargeable Judgment from what was ruled on August 10, 2010.

DATED this 19th day of August 2010.

MICHAEL W. CARMEL, LTD.

/s/ Carmel, M.W. (007356)
Michael W. Carmel
80 East Columbus Avenue
Phoenix, Arizona 85012-2334
Attorney for Plaintiff

COPY of the foregoing e-mailed on August 19, 2010 to:

Scott H. Zwillinger, Esq.
Zwillinger & Greek PC
2425 E. Camelback Rd., Suite 600
Phoenix, AZ 85016-0001
szwillinger@zglawgroup.com

Joseph W. Charles, Esq.
JOSEPH W. CHARLES, P.C.
5704 West Palmaire Avenue
P.O. Box 1737
Glendale, Arizona 85311-1737
E-mail: LawOffice@joecharles.com
Attorneys for Defendants/Debtors

/s/ Nancy G. Forty