**JOSEPH W. CHARLES, P.C.**
**5704 West Palmaire Avenue**
**Post Office Box 1737**
**Glendale, Arizona 85311-1737**
**Tel: (623) 939-6546 / Fax: (623) 939-6718**
**Email: LawOffice@JoeCharles.com**

Joseph W. Charles
State Bar #003038
Attorneys for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:<br><br>**STANLEY THOMAS LUND AKA LUND MORTGAGE, INC. and JUNE MARIE LUND,**<br><br>Debtors. | Chapter 7 Proceeding<br><br>Case No. 2:09-bk-18416-CGC<br><br>Adv. Proc. No. 2:09-ap-01577-CGC<br><br>**DEBTOR'S REPLY TO PLAINTIFF'S RESPONSE TO RULE 59 MOTION TO RECONSIDER** |

**COME NOW,** Debtors, Stanley Thomas Lund and June Marie Lund, by and through their counsel, Joseph W. Charles, P.C., and Reply to the Plaintiff's Response to the Rule 59 Motion to Reconsider.

**I. Propriety of the Rule 59 Motion.**

Plaintiff alleges that the relief requested may not be granted based on Rule 59 of the Federal Rules of Civil Procedure. However, Courts have recognized Motions to Reconsider under Rule 59. See *Stangel v United States* (*In re Stangel*) (1995, CA5 Tex) 68 F3d 857, 34 CBC2d 540, CCH Bankr L Rptr P 76696, 33 FR Serv 3d 1015, reh den (1996, CA5 Tex) 1996 US App LEXIS 1762; *Britt's Home Furnishing, Inc. v Hollowell* (*In re Hollowell*) (1999, BC ND Ga) 242 BR 541; *In re Morrison* (1982, BC ND Ohio) 26 BR 57.

**II. Analysis under Rule 60.**

Contrary to the Plaintiff's position, analysis under Rule 60 of the Federal Rules of Civil Procedure is not limited to subsection (b)(2) only. If the Court chooses to analyze the Debtor's request under Rule 60, it may do so under other subsection (b) grounds such as (b)(6) "any other reason that justifies relief."

Here, it is understandable how the Court may have been confused about the distributions to Mr. Lund from the company. Admittedly it is strange that the checks contain the memo in question and that he was paid in both a W-2 and a K-1. However, given the consistent testimony from Mr. Lund, his bookkeeper, and now his accountant Mr. Lund should at least be given the opportunity to fully explain himself to the Court. This would be in the best interest of justice. The trial will have to proceed in any event and a few simple questions to Mr. Lund about the company's finances would not create a large burden for the Court or waste inordinate amounts of time.

**WHEREFORE,** Debtors respectfully request the Court deny the granting of partial Summary Judgment.

**RESPECTFULLY SUBMITTED** this 27TH day of August 2010.

                                        **JOSEPH W. CHARLES, P.C.**

By:   /s/ Joseph W. Charles
        Joseph W. Charles
        5704 West Palmaire Avenue
        Post Office Box 1737
        Glendale, Arizona 85311
        Attorneys for Debtors

An ORIGINAL of the foregoing was filed
with the U.S. Bankruptcy Court
and a COPY was mailed this 27th day
of August 2010, to:

Michael W. Carmel, Esq.
80 E. Columbus Avenue
Phoenix, AZ 85012-4965

Scott Zwillinger, Esq.
Zwillinger Greek Zwillinger & Knecht, PC
2425 E. Camelback Road, Ste. 600
Phoenix, AZ 85016

United States Trustee
230 North First Avenue, Ste. 204
Phoenix, AZ 85003-1706


/s/ C. Short

# EXHIBIT 1

# EXHIBIT 2

# EXHIBIT 3